IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In the Matter of:

Theresa Ann Clausen,

(Chapter 7)

Debtor.   Case No. 11-14480

In the Matter of:

Russell E. Jenkins,

(Chapter 7)

Debtor.   Case No. 11-14721

MEMORANDUM DECISION

Clausen's and Jenkins' (the debtors') schedules, which are attached to their voluntary petitions, are not printed on the Official Forms. While most of the information required by the Official Forms is included in Attorney Doran's homemade forms, there are some departures in substance and substantial departures in format.

The debtors' Schedule B omits and significantly changes wording in the type of property column. On the Official Forms, one column of Schedule B reads "Check, savings or other financial accounts, certificates of deposit or shares in banks, savings, and loan thrift, building and loan, and homestead association, or credit unions, brokerage houses or cooperatives." On Attorney Doran's forms, that column reads "Check and savings accounts, CD's or similar accts." Several column descriptions in Schedule B are omitted, and only property type and a dollar amount is listed. There is no space for description and location of the property, and no space to

1

indicate whether the property is joint or community. It is not clear to the trustee (nor is it clear to me) if the dollar values in debtors' Schedule B are meant to be the same as they would be on the Official Form column heading "Current Value of Debtor's Interest in Property without Deducting any Secured Claim or Exemption."

In addition, the schedules include language which seems to expand the exemption rights beyond what is provided for in the Official Forms or the Bankruptcy Code. Schedule C adds the following introduction:

> "… Values of property as stated in Schedules A and B are incorporated by reference.
>
> All legal exemptions within the above election are claimed, whether or not enumerated. Some property may be exempt under more than one provision, and the petitioner claim any benefit arising from such alternative exemptions.
>
> Petitioner claims all scheduled assets and all of petitioner's interest in such assets as exempt. Particularly, and not by the way of limitation, if the Amount Claimed below is equal to or greater than the value of the asset as stated in Schedules A and B; or if it is greater than petitioner's equity in such asset as shown by Schedules A, B, and D, then the petitioner claims the asset entirely exempt for the purposes of the rule of Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S. Ct. 1644 (1992). Values in Schedules A and B are full fair market value (FMV) and 100 percent of FMV. Claims herein for such scheduled value or for net unencumbered value derived therefrom claim each such asset fully exempt pursuant to Schwab v. Reilly, 130 S. Ct. 2652 (2010)."

The debtors' schedules also omit some information that the debtors and Attorney Doran have presumably found not to apply to the debtors. On debtors' Schedule E, a paragraph added by Attorney Doran states: "The following creditors apparently hold priority claims; priority is not hereby conceded." A paragraph was omitted from debtors' Schedule E that is usually included on the Official Form: "Only holders of unsecured claims entitled to priority should be listed in this schedule." All the "check boxes" that normally appear on Official Schedule E (to

2

indicate claims for domestic support obligations, contributions to employee benefit plans, etc.) were omitted from Attorney Doran's version of Schedule E.

The debtors' Statement of Financial Affairs (SFA) departs in format from the Official Form, but the departures are not substantive, and the format is generally similar to the Official Form. However, the debtors' SFA omits the instructions normally included on the Official Forms, such as directives to indicate payments, transfers and the like to minor children, and to list spouse's financial information if filing under Chapter 12 or 13. Other instructions are also omitted. There are numerous other alterations which surely would change either the meanings of answers required by the Official Forms, or the time required to review the information provided.

In light of the differences in format and substance, the trustee claims that the debtors' schedules and SFAs do not conform to Fed. R. Bankr. P. 1007(b)(1), and asks this court to strike the nonconforming documents because they are not in compliance with the Official Forms. Other panel trustees from this district filed letters or affidavits in support of the Motion to Strike. Their stated reasons are: the format deviations in debtors' schedules are cumbersome and confusing, making it difficult to determine if the debtors complied with § 521; by omitting language rather than identifying "none" or "not applicable," the debtors' signatures upon the pleadings and schedules do not include an attestation to the inapplicability of those sections; debtors' schedules include language which expands the exemption rights beyond what is provided for in the Official Forms or the Bankruptcy Code; if non-standard forms are allowed, Chapter 7 bankruptcies could eventually become an administrative nightmare.

The debtors assert that their schedules and SFAs are in compliance with the applicable provisions of the Code and Rules, and that the "Official Forms" do not have the force of law.

3

The debtor points specifically to Fed. R. Bankr. P. 9009 in support of his argument, which states that the Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with "alterations as may be appropriate."

11 U.S.C. § 521(1) lists among the duties of a debtor, the requirement that a debtor "file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs...."

Fed. R. Bank. P. 1001 states that "the Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code…These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding."

Fed. R. Bank. P. 1007(b)(1) requires that the debtor "file the following schedules, statements, and other documents, prepared as prescribed by the appropriate Official Forms, if any: (A) schedules of assets and liabilities…"

While the Official Forms should be used, there is nothing to suggest that the Official Forms have the force and effect of the Bankruptcy Code or Rules. *In re Simmons*, 237 B.R. 672, 675 (Bkrtcy. N.D. Ill. 1999). Rule 1001 refers to the Official Forms and Rule 9009 implements them, nothing gives the forms the same authority as the Rules, ("[i]ndeed, one editor's comment on Rule 1001 carefully explains to the contrary: '[U]nlike the Rules, the Official Forms do not require approval either by the Supreme Court or by Congress, and while they should be observed and should be used ... they do not have the force of law.'"); *see also In re Packham*, 126 B.R. 603, 610–11 (Bkrtcy. D. Utah 1991) (citing Norton Bankr. Rules Pamphlet 1997–1998 Edition, p. 3).

4

While the Official Forms may not have the force of law, bankruptcy courts generally agree that they should be used. On the United States Courts web site "Bankruptcy Forms" page, it clearly says, "Official Bankruptcy Forms must be used to file and take action in bankruptcy cases. Procedural Forms also may be necessary for use during the course of some bankruptcy proceedings." http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx.

Bankruptcy Rule 9009 provides: "except as otherwise provided in Rule 3016(d), the Official Forms prescribed by the Judicial Conference of the United States shall be observed and used *with alterations as may be appropriate*. Forms may be combined and their contents rearranged to permit economies in their use. The Director of the Administrative Office of the United States Courts may issue additional forms for use under the Code. The forms shall be construed to be consistent with these rules and the Code." Fed. R. Bank. P. 9009 (emphasis added).

While substantial compliance is all that is required, the power to depart from the Official Forms is not unlimited. Case law construing Rule 9009 indicates that, while use of the Official Forms is not "entirely and absolutely mandatory," it is strongly preferred, and substantive deviation from the Official Forms should be rare. This case law focuses on forms other than the bankruptcy petition and schedules. *See, e.g., In re Thornburg*, 406 B.R. 657, 659 (Bkrtcy. W.D. Pa. 2009) (*see also In re Rambo Imaging, L.L.P.*, 2007 WL 3376163 *10 (Bankr. W.D. Tex. 2007) (filings must substantially comply with and conform to Official Forms); *In re Binion*, 2006 WL 2668464 *2 (Bankr. N.D. Ohio 2006); *In re Peterson*, 2004 WL 1895201 *3 at n. 17 (Bankr. D. Idaho 2004) (use of Procedural Forms issued by AOUSC, while not strictly required, is highly encouraged).

Bankruptcy Rule 9009 authorizes the combination and rearrangement of Official Forms to permit economies in their use, but bankruptcy courts have not read this rule to give parties a free pass to make whatever changes they want in the Official Forms. Forms may be legally insufficient and unacceptable if they "confuse and confound a streamlined administrative process," or frustrate "a quick and easy comprehension of the information presented." *See In re Orrison*, 343 B.R. 906, 909 (Bankr. N.D. Ind. 2006) (citations omitted). Likewise, alterations are unacceptable if the information included is substantially less than the information required by the Official Form. *In re Mack*, 132 B.R. 484, 485 (Bankr. M.D. Fla. 1991) ("In addition to the forms being unsatisfactory as to their form and content, these papers are unsatisfactory as to the manner in which they have been completed"); *In re Foodsource, Inc.*, 130 B.R. 549 (N.D. Cal. 1991) (holding that the substitution of an abrogated form as an alteration of the Official Form does not constitute substantial compliance with the Official Form).

The failure to follow an Official Form may warrant action on the part of the court to direct that the offending party comply with more precision. For example, in *Orrison*, Judge Grant found that the debtor's rearrangement of the contents of the petition constituted alterations that "confuse and confound a streamlined administrative process," and required the party to file an amended petition using the Official Forms. *In re Orrison*, 343 B.R. at 909. In *Bell*, Judge Shapiro held that placing "entirely exempt" in lieu of the value of property claimed as exempt on Schedule C was inappropriate because it did not provide the trustee with sufficient detail to assess the dollar value to the claimed exemptions. *In re Bell*, 179 B.R. 129, 131 (Bkrtcy. E.D. Wis. 1995). Federal Rule of Bankruptcy Procedure 9009 requires that the Official Forms "shall be observed and used with alterations as may be appropriate," and what the debtor was proposing

was not an appropriate alteration. *Id.* Judge Shapiro ordered the debtor to submit an Amended Schedule C. *Id.* at 131.

In this case, an able and experienced attorney has consistently refused to file schedules on the Official Bankruptcy Forms. His argument that the forms on the Court web site are not "Official Forms" is misplaced. While he is correct in stating that the forms on the web site do not have the force of law, Rule 9009 states that "Official Forms prescribed by the Judicial Conference of the United States (indicating the forms found on the official Bankruptcy Court web site) shall be observed and used with alterations as may be appropriate." The alterations on the debtors' schedules are not appropriate.

For these reasons, the trustee's motion to strike the debtors' schedules in both cases is GRANTED. It may be so ordered.

Dated: November 16, 2011

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE